**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CHASE BANK USA, N.A.,                        No. C-06-2258 MMC

12            Plaintiff,                          **ORDER REMANDING ACTION**

13      v.

     LEANDRO H. DURAN,
14
              Defendant
15   _____

16
     AND RELATED CROSS-ACTION
17   _____/

18

19         Before the Court is cross-defendant Arrow Financial Services LLC's ("Arrow") Notice

20   of Removal, filed March 29, 2006.  Arrow asserts the district court has federal question

21   jurisdiction over the action because a cross-complaint filed by Leandro H. Duran ("Duran")

22   against plaintiff Chase Bank USA, N.A. and third parties, including Arrow, purportedly

23   contains a federal question.

24         A third-party defendant, such as Arrow, has no right to remove a case to federal

25   court.  See First Nat'l Bank v. Curry, 301 F. 3d 456, 461 (6th Cir. 2005) (citing cases and

26   treatises so holding).  As a result, a district court lacks subject matter jurisdiction over an

27   action removed by a third- party defendant.  See id. at 467.  Because this Court lacks

28   subject matter jurisdiction over the above-titled action, the action must be remanded.  See

1   28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court

2   lacks subject matter jurisdiction, the case shall be remanded.").

3       Further, even assuming Arrow could have removed the instant case, the grounds

4   asserted by Arrow do not support removal jurisdiction.  Each claim alleged by Duran arises

5   under state law.  Although Arrow asserts that Duran's state law claims are completely

6   preempted by the Fair Credit Reporting Act ("FCRA"), specifically, by 15 U.S.C.

7   § 1681t(b)(1)(F), and thus are removable, Arrow cites no authority to support such

8   assertion.  Indeed, those courts that have examined the issue have found FCRA

9   preemption does not support removal.  See, e.g., King v. Retailers Nat'l Bank, 388 F. Supp.

10  2d 913, 916 (N.D. Ill. 2005) (holding FCRA does not "completely preempt" state law claims

11  for purposes of removal jurisdiction); Watkins v. Trans Union, L.L.C., 118 F. Supp. 2d 1217,

12  1220-23 (N.D. Ala. 2000) (holding "complete preemption doctrine" inapplicable to FCRA;

13  finding "Congress did not intend to make state law causes of action defensively preempted

14  by the FCRA removable to federal court"); see also Caterpillar, Inc. v. Williams, 482 U.S.

15  386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on

16  the basis of a federal defense, including the defense of preemption.") (emphasis in

17  original).[1]

18      Accordingly, the Court hereby REMANDS the above-titled action for lack of subject

19  matter jurisdiction, pursuant to 28 U.S.C. § 1447(c), to the Superior Court of the State of

20  California, in and for the County of Alameda.

21      The Clerk shall close the file.

22      **IT IS SO ORDERED.**

23

24  Dated: April 5, 2006

    MAXINE M. CHESNEY
    United States District Judge

25

26      [1]Arrow cites two cases in its Notice of Removal.  Neither involves a complaint
    removed under a theory of complete preemption, nor is the subject of complete, as
27  opposed to defensive, preemption addressed.  See Howard v. Blue Ridge Bank, 371 F.
    Supp. 2d 1139, 1143-44 (N.D. Cal. 2005); Davis v. Maryland Bank, 2002 WL 32713429,
28  *11-14 (N.D. Cal. 2002).